IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUSTICE ONYEALISI IKE, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:20-CV-3743-D |
| VS. § | |
| § | |
| UNITED STATES CITIZENSHIP AND § | |
| IMMIGRATION SERVICES, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action under the Administrative Procedure Act, ("APA"), 5 U.S.C. §§ 701-706, plaintiff Justice Onyealisi Ike ("Ike")—an Australian citizen—seeks judicial review of the denial of his application for a national-interest waiver under 8 U.S.C.§1153(b)(2)(B)(i). Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and to strike, or, alternatively, to dismiss, Ike's first amended complaint ("amended complaint"). For the reasons that follow, the court denies defendants' motion to dismiss the complaint and to strike the amended complaint, but it grants their alternative motion to dismiss the amended complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. The court also permits Ike to file an opposition response to the grounds for dismissal that the court is raising *sua sponte*.

I

Ike is a native of Nigeria and a citizen of Australia. Prior to the events giving rise to this lawsuit, Ike worked in the United States as a specialty occupation worker pursuant to an E-3 visa. On March 20, 2019 Ike filed with defendant U.S. Citizenship and Immigration

Services ("USCIS") an Immigrant Petition for Alien Worker ("Petition")—i.e., a USCIS Form I-140—seeking a national-interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i).[1]

Under 8 U.S.C. § 1153(b)(2), USCIS may grant work visas to immigrants holding "advanced degrees" or to those with "exceptional ability in the sciences, arts, or business."[2] Generally, an immigrant seeking a work visa must show that his "services . . . are sought by an employer in the United States." *Id.* To do so, he must obtain a labor certification from the U.S. Department of Labor. *See* 8 U.S.C. § 1182(a)(5)(A), (D); 8 C.F.R. § 204.5(k)(4). But there is an exception to the labor-certification requirement. Under 8 U.S.C. § 1153(b)(2)(B)(i), "when the Attorney General deems it to be in the national interest, [he may] waive the requirements of subparagraph (A) that an alien's services . . . be sought by an employer in the United States." No statute defines when a national-interest waiver should be granted, "but USCIS has issued 'precedent[ial] decision[s] establishing a framework for evaluating national interest waiver petitions.'" *Poursina v. USCIS*, 936 F.3d 868, 870 (9th Cir. 2019) (alterations in original) (citation omitted).

On April 23, 2020 USCIS issued a request for evidence, seeking additional

---

[1]He concurrently filed an Application to Register Permanent Residence or Adjust Status (USCIS Form I-1485).

[2]The statute's text authorizes the Attorney General to grant work visas, but Congress transferred this authority to the Secretary of Homeland Security in the Homeland Security Act of 2002. *See* Pub. L. No. 107-296, § 1517, 116 Stat. 2135, 2311 (codified at 6 U.S.C. § 557). In turn, the Secretary of Homeland Security sub-delegated this authority to USCIS. *See* 8 C.F.R. § 100.1; *id.* § 204.5; *see also Zhu v. Gonzales*, 411 F.3d 292, 293 (D.C. Cir. 2005) (discussing the source of USCIS's authority). References to the Attorney General in this memorandum opinion and order therefore apply to USCIS.

information pertaining to whether Ike was eligible for a national-interest waiver. Although Ike filed what he maintains was a complete and thorough response to the request for evidence, USCIS on June 1, 2020 denied Ike's Petition. USCIS found, in pertinent part:

> [t]he evidence does not establish that the beneficiary's proposed endeavor is of national importance; and that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification. Therefore, the beneficiary is not eligible for, and does not merit, a national interest waiver as a matter of discretion.

Am. Compl. Ex. 1 at 2-3.

On June 26, 2020 Ike filed the instant lawsuit in the United States District Court for the District of Columbia against USCIS and the Acting Director of USCIS, the Director of the Texas Service Center of USCIS, and the U.S. Attorney General, all in their official capacities. He alleges claims under the APA and the Fifth Amendment Due Process Clause, and seeks injunctive and declaratory relief, including, *inter alia*, a declaration that defendants have violated 8 C.F.R. § 103.2(b)(16)(i).[3]

On August 17, 2020, after it was served with process, USCIS reopened Ike's Petition and, the following day, issued a Notice of Intent to Deny ("NOID"). The NOID stated, *inter*

---

[3] 8 C.F.R. § 103.2(b)(16)(i) provides, in pertinent part:

> [i]f the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered[.]

- 3 -

*alia*, that

> the [Petition] was denied on June 1, 2020, due to the petitioner's failure to establish eligibility; however, upon review, the notice did not adequately address the eligibility requirements. Specifically, the notice did not address either the substantial merit of the proposed endeavor or whether the petitioner was well positioned to perform the endeavor.

Am. Compl. Ex. 3 at 1. The NOID invited Ike to submit additional evidence in support of the Petition, which he did. On December 1, 2020 USCIS again denied Ike's Petition.

While Ike's reopened Petition was pending, defendants moved to transfer the case to this district based on the fact that Ike's Petition was adjudicated by USCIS's Texas Service Center ("TSC") and that the Director of the TSC was a named defendant. The District of Columbia court granted defendants' motion, and the case was transferred to this district.

Defendants then filed the instant motion to dismiss under Rule 12(b)(1), maintaining that Ike has not alleged "final agency action," as required under the APA, and that, regardless, this court does not have jurisdiction to review immigration decisions, such as the one at issue here, that are left to USCIS's discretion by federal law. In response, Ike filed an unopposed motion for an extension of time to respond to USCIS's motion to dismiss, which the court granted. But rather than file such a response, Ike filed an amended complaint, without leave of court. Defendants move to strike the amended complaint, or, in the alternative, to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Ike opposes the motion to strike and alternative motion to dismiss.

- 4 -

II

The court first considers defendants' motion to strike Ike's amended complaint, which he filed without leave of court on February 17, 2021.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Rule 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading *only with the opposing party's written consent or the court's leave*." Rule 15(a)(2) (emphasis added).

Defendants filed and served their motion to dismiss on January 22, 2021. Ike's deadline to file an amended complaint without defendants' written consent or leave of court was therefore February 12, 2021. Ike filed his amended complaint on February 17, 2021. He contends that he "expressly requested and was granted permission from this Court to extend time to respond to Defendant's earlier Motion to Dismiss . . . and Plaintiff filed the [amended complaint] within that timeframe." P. 3/24/21Br. 1. Ike also maintains that "[d]efendants ignore the fact that this Court extended time for Plaintiff to respond to Defendants' first motion to dismiss—and did not preclude Plaintiff from amending his complaint. Indeed, Plaintiff responded to that motion with his [amended complaint]." *Id.* at 7 (citations omitted).

Ike is correct that he requested, and obtained, "an extension of time, up to and including February 17, 2021, *in which to file Plaintiff's Response to Defendants' Motion to*

*Dismiss*." Feb. 1, 2021 Order (emphasis added). But Ike neither sought nor obtained leave of court to file an amended complaint after the February 12, 2021 deadline for doing so as of right. Nor did he obtain defendants' written consent. Ike's amended complaint is therefore subject to being stricken solely due to his failure to comply with Rule 15(a)(1). *See, e.g., Barbour v. City of Forney*, 2015 WL 4094005, at *3 (N.D. Tex. June 17, 2015) (Horan, J.) (striking amended complaint that could not be filed as of right under Rule 15(a)(1) where plaintiff did not obtain defendants' written consent or seek leave of court before filing it), *rec adopted*, 2015 WL 4113571 (N.D. Tex. July 7, 2015) (Boyle, J.).

Nevertheless, the court in its discretion will not strike Ike's amended complaint. Defendants do not contend that they will suffer any legal prejudice if the court permits the amended complaint. And because allowing Ike to proceed on the basis of his amended complaint does not change the outcome of today's decision, the court will assume *arguendo* that Ike properly sought, and obtained, leave to file his amended complaint under Rule 15(a)(2). Defendants' motion to strike the amended complaint is denied.

Having denied the motion to strike, the court also denies defendants' motion to dismiss, which is addressed to Ike's complaint, and it turns to consideration of defendants' alternative motion under Rule 12(b)(1) to dismiss the amended complaint for lack of subject matter jurisdiction.

III

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual challenge. *See, e.g., Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Id.* The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

IV

The court first considers whether it has jurisdiction over Ike's APA claim, which is based on the allegation that defendants acted arbitrarily, capriciously, and contrary to law in denying the Petition.

A

The APA permits a court, *inter alia*, to "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). But under the APA, a court may *not* review the decision of an agency: (1) when it is precluded by statute, or (2) when agency action is committed to agency discretion by law. *See* 5 U.S.C. § 701(a) ("This chapter applies, according to the provisions thereof, except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."). Defendants contend that Ike's amended complaint should be dismissed under 5 U.S.C. § 701(a)(1) because a statute—8 U.S.C. § 1252(a)(2)(B)(ii)— precludes judicial review of USCIS's denial of a national-interest waiver.

B

Section 1252(a)(2)(B)(ii) provides, in pertinent part, that "no court shall have jurisdiction to review . . . any . . . decision . . . of the Attorney General . . . the authority for which is specified under this subchapter *to be in the discretion of the Attorney General*." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Courts interpreting § 1252(a)(2)(B)(ii), including in this circuit, have held that this statute precludes judicial review "only if a congressional statute—codified in the relevant subchapter, *see* 8 U.S.C. §§ 1151-1382—vests the government with authority to make a discretionary decision." *Poursina*, 936 F.3d at 871 (citations omitted); *see also Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) ("[Section] 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority *specified in*

*the statute*."). Accordingly, to determine whether § 1252(a)(2)(B)(ii) bars judicial review of USCIS's denial of Ike's application for a national-interest waiver under § 1153(b)(2)(B)(i), the court must examine the text of § 1153(b)(2)(B)(i) itself to determine whether the decision to issue a national-interest waiver is "discretionary." *See, e.g., Mousavi v. USCIS*, 828 Fed. Appx. 130, 133 (3d Cir. 2020) ("We start, and end, with the subparagraph's text. For as then-Judge Alito explained, the statute 'must provide the discretionary authority' in the text itself." (quoting *Soltane v. U.S. Dep't of Justice*, 381 F.3d 143, 146 (3d Cir. 2004))); *Poursina*, 936 F.3d at 871 ("[I]t is not enough that a decision *is* discretionary, as with non-enforcement decisions under background rules of administrative law; instead, Congress must *state* that the government has such discretion." (citations omitted)).

The relevant statute, 8 U.S.C. § 1153(b)(2)(B)(i), states: "the Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States." *Id.* The Third, Ninth, and D.C. Circuits have all held that the issuance of a national-interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i) is "discretionary." *See Mousavi*, 828 Fed. Appx. at 133 (3d Cr. 2020) ("Nothing in [§ 1153(b)(2)(B)(i)] itself limits the Attorney General's discretion. So we lack jurisdiction to review it."); *Poursina*, 936 F.3d at 872 ("[Section] 1153(b)(2)(B)(i)'s plain language specifies that the authority to grant (or to deny) a national-interest waiver is in the discretion of the Attorney General."); *Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005) ("That the

- 9 -

Attorney General has complete discretion with respect to the labor certification requirement is established by the terms of [§ 1153(b)(2)(B)(i)]."). In *Mousavi* the Third Circuit explained:

> Three textual cues make the Attorney General's discretion clear. . . . First, the Attorney General "may" grant these national-interest waivers. He does not have to, even if he finds the applicant eligible. Congress could have chosen "must" or "shall," but did not. . . . Second, the Attorney General may do so when he "*deems* it to be in the national interest." He need not grant it when it *is* in the national interest. Rather, he may grant the waiver when he "consider[s], think[s], or judge[s]" that it is. . . . Finally, the subparagraph puts no limits on the Attorney General's discretion. It does not define "the national interest" or set forth any guideposts.

*Mousavi*, 828 Fed. Appx. at 133 (some alterations in original) (citations omitted); *see also Zhu*, 411 F.3d at 296 ("Neither § 1153(b)(2)(B)(i) nor, as far as we can tell, any other provision of the [Immigration and Nationality Act] suggests the Congress intended that the Attorney General be constrained when deciding whether a waiver should be granted."). The Ninth Circuit in *Poursina* relied on similar reasoning:

> Here, Congress has "specified" that the issuance of national-interest waivers is "discretionary." . . . Congress's use of "may"—rather than "must" or "shall"—brings along the usual presumption of discretion. Indeed, subsection (B)(i)'s use of "may" contrasts with subsection (B)(ii), which delineates cases in which the Attorney General "*shall* grant a national interest waiver." 8 U.S.C. § 1153(a)(2)(B)(ii)(I) (emphasis added). . . .
> Further, the statute's instruction that the waiver should issue only if the Attorney General "deems it to be in the national interest" reinforces its discretionary nature. Congress's use of "deems" connotes that the Attorney General's determination involves some measure of judgment. And the invocation of the

> "national interest" is a core example of a consideration that lacks a judicially manageable standard of review. . . .  Indeed, the D.C. Circuit has already concluded that review of "a decision to deny a waiver of the labor certification requirement [is] barred by § 1252(a)(2)(B)(ii)." *Zhu* [411 F.3d at 294]. Parsing § 1153(b)(2)(B)(i)'s text, the D.C. Circuit reasoned that Congress's use of "'national interest' . . . calls upon [the Attorney General's] expertise and judgment unfettered by any statutory standard whatsoever," and that the use of the permissive "may" indicated that his decision is "not to be questioned . . . in a court."

*Poursina*, 936 F.3d at 871-72 (some alterations in original) (some citations omitted).

Although the Fifth Circuit has not yet addressed whether the issuance of a national-interest waiver under § 1153(b)(2)(B)(i) is discretionary, the court is persuaded by the reasoning of *Mousavi*, *Poursnia*, and *Zhu* and the absence of circuit support for a contrary interpretation of the applicable law.  And because Ike points to no counter-indication, the court predicts that the Fifth Circuit would follow the approach taken by the Third, Ninth, and D.C. Circuits.[4]  The court therefore holds that the plain language of § 1153(b)(2)(B)(i) specifies that the authority to grant (or to deny) a national-interest waiver is in the discretion of the Attorney General, and that "because USCIS's decision to deny a national-interest waiver is specified to be in its discretion, § 1252(a)(2)(B)(ii) strips the federal courts of

---

[4]Indeed, at least one district court within this circuit has taken this approach. *See, e.g., Lahiri v. U.S. Dep't of Homeland Sec.*, 2010 WL 797853, at *1 (E.D. La. Mar. 3, 2010) ("Pursuant to the language of § 1153(b)(2)(B)(i) . . . the Secretary of Homeland Security is granted discretionary authority to waive the national interest requirements.  As such, this Court finds no legal or factual basis to overturn the USCIS discretionary denial of Plaintiff's immigrant petition for alien worker pursuant to § 1252(a)(2)(B)(ii)." (citations and footnotes omitted)).

- 11 -

jurisdiction to review USCIS's refusal." *Poursina*, 936 F.3d at 875.

Ike's APA claim, as alleged in the amended complaint, is based entirely on USCIS's discretionary decision to deny the Petition. *See* Am. Compl. ¶ 47 (alleging, in support of APA claim, that "Defendants acted arbitrarily, capriciously, and contrary to law in violation of the [APA] by denying Plaintiff's application and to properly consider the evidence submitted."). Accordingly, because § 1252(a)(2)(B)(ii) bars judicial review of USCIS's discretionary denial of Ike's application for a national-interest waiver under § 1153(b)(2)(B)(i), the court grants USCIS's motion to dismiss count I of the amended complaint—his APA claim—for lack of subject matter jurisdiction.

V

The court now turns to defendants' motion to dismiss Ike's Fifth Amendment-based procedural due process claim.

A

Ike alleges that defendants' failure to give him a meaningful opportunity to challenge the June 1, 2020 denial of his Petition violates the Fifth Amendment Due Process Clause. Defendants move to dismiss this claim, contending that "to the extent Ike asserts that the Court must still consider his procedural due process claim (even though he pled it regarding the prior, now revised, June 2020 decision), the Court lacks jurisdiction as to that claim as well." Ds. 1/22/21 Br. 13 (citing *Mousavi*, 828 Fed. Appx. at 133-34). Ike responds that "[b]ecause the Court has jurisdiction to review Defendants' denial of Plaintiff's petition, Defendants' assertion that this Court cannot review Plaintiff's due process claims and claims

under 28 U.S.C. § 1651 fail as well." P. 3/24/21 Br. 11-12.

B

As a preliminary matter, the court notes that, although it would not have jurisdiction to decide a procedural due process claim that required it "to revisit and review the Attorney General's exercise of discretion," *Mousavi*, 828 Fed. Appx. at 133, the claim alleged here appears to be distinct from USCIS's discretionary decision to deny the Petition. *Cf. id.* at 133-34 (concluding court lacked jurisdiction over constitutional due process claims where plaintiff could not "separate her constitutional claims from the Attorney General's exercise of discretion," because her claim "that the Agency denied her due process by not 'properly' assessing her case under its own internal guidelines . . . [went] to the heart of the Agency's statutorily unreviewable discretion to weigh and deny her waiver."). Ike alleges that defendants violated his procedural due process rights by failing to give him a meaningful opportunity to challenge the denial of the Petition, presumably by failing to issue a NOID prior to the June 1, 2020 denial. It is not clear to the court that this constitutional claim is subject to § 1252(a)(2)(B)(ii)'s jurisdictional bar, and neither side has adequately briefed this issue. *See, e.g., Poursina*, 936 F.3d at 876 (holding that plaintiff's procedural due process claim, based on lack of proper notice of USCIS's request for evidence "is not subject to § 1252(a)(2)([B])(ii)'s jurisdictional bar." (citation omitted)).

C

But even if Ike's procedural due process claim is not barred by § 1252(a)(2)(B)(ii), the court raises *sua sponte* that it still lacks subject matter jurisdiction over this claim because

it is moot.

"[T]he court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.). It is required to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rule 12(h)(3).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988).

It is undisputed that after USCIS denied Ike's Petition without first issuing a NOID, it reopened the Petition on August 17, 2020, issued a NOID, and permitted Ike to submit additional evidence. In fact, Ike alleges in his amended complaint that "[o]n September 14, 2020, Plaintiff submitted a timely, complete and thorough response to the NOID issued by the Defendants." Am. Compl. ¶ 25. These undisputed facts clearly allege that Ike was provided "the opportunity to address the Defendants' failure [to] properly engage with the evidence [he] submitted," Am. Compl. ¶ 37, thus rendering moot the due process claim based on USCIS's initial failure to provide such an opportunity.

Accordingly, because it is undisputed that Ike was provided an opportunity to respond

to USCIS's August 17, 2020 NOID, the court raises *sua sponte* that Ike's procedural due process claim, as pleaded in count II of the amended complaint, is moot, and that the court lacks subject matter jurisdiction over this claim.

VI

Finally, the court turns to Ike's declaratory judgment claim, raising *sua sponte* that the claim should be dismissed pursuant to the court's discretion.

Federal courts have broad discretion to grant or refuse declaratory judgment. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). It gives federal courts the competence to declare rights, but it does not impose a duty to do so. *See Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam). A declaratory judgment action is merely a vehicle that allows a party to obtain "early adjudication of an actual controversy." *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). Its purpose is to allow "parties [to] avoid damages that might otherwise accrue." *Id.* at 172 (citation omitted).

This court has previously declined in its discretion to enter declaratory judgments when parties have sought to remedy past wrongs. *See, e.g., Garcia v. Bank of N.Y. Mellon*, 2012 WL 692099, at *4 (N.D. Tex. Mar. 5, 2012) (Fitzwater, C.J.) (declining to grant declaratory relief because "[p]laintiffs are not attempting by their declaratory judgment

action to help the parties avoid damages that might otherwise accrue[,] . . . [t]hey are [instead] essentially seeking a remedy for a past alleged wrong."). The relief that Ike seeks here—even in the form of mandatory injunctive relief—is essentially to remedy a past alleged wrong, i.e., USCIS's failure to comply with the requirements of 8 C.F.R. § 103.2(b)(16)(i)[5] when it issued the June 1, 2020 denial of Ike's Petition.

The court therefore declines in its discretion to enter a declaratory judgment, and it dismisses count III of the amended complaint.

## VII

The court has raised two grounds for dismissal *sua sponte*. One ground (the mootness of the claim alleged in count II) is based on the absence of subject matter jurisdiction, which the court must notice *sua sponte*, if necessary. *See TruGreen Landcare*, 512 F.Supp.2d at 618. The other ground (the court's discretionary decision not to entertain the declaratory judgment request in count III) is based on the court's authority to raise a ground for dismissal

---

[5]This provision states, in pertinent part:

> If the decision [regarding an immigration matter] will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding.

8 C.F.R. § 103.2(b)(16)(i).

on its own, provided it does so under a procedure that is fair. *See, e.g., Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting leave to replead). To ensure that the court is adhering to a fair procedure,[6] it grants Ike 21 days from the date of this memorandum opinion and order to file a brief that sets out his opposition to dismissing his Fifth Amendment due process and declaratory judgment claims. After considering Ike's response, the court will decide whether to invite defendants to file a reply.

\* \* \*

Accordingly, for the reasons explained, the court denies defendants' motion to dismiss, which is addressed to Ike's complaint, and their motion to strike, and it grants defendants' alternative motion to dismiss Ike's amended complaint under Rule 12(b)(1). The

---

[6]The court will assume *arguendo* that the requirement of a fair procedure applies to the jurisdictional issue that the court is obligated to raise as well as to the merits question that the court is authorized (but not required) to raise on its own.

court grants Ike 21 days from the date of this memorandum opinion and order to file an opposition response to the grounds for dismissal that the court has raised *sua sponte*.

**SO ORDERED**.

May 27, 2021.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　　　SENIOR JUDGE